No. 20,725.

W. H. IMEL, *Appellant,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES—*Attempting to Board Railroad Train—Demurrer to Plaintiff's Evidence—Properly Sustained.* In an action brought against a railroad company on account of injuries received by the plaintiff while attempting to board its train, alleged to have been caused by the failure of an employee to use due care in rendering him assistance on account of his being a cripple, held that a demurrer to the evidence was properly sustained because the accident was not shown to have been caused by any act or omission of the employee.

2. EVIDENCE—*Objection to Question Sustained—When Reviewable.* The rule applied that the sustaining of an objection to a question asked of a witness can not be reviewed where no proof was made in the trial court as to what the answer would have been.

Appeal from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed March 10, 1917. Affirmed.

*Thurman Hill,* and *O. L. O'Brien,* both of Independence, for the appellant.

*William R. Smith, Owen J. Wood, Alfred A. Scott, Harlow Hurley,* all of Topeka, and *Chester Stevens,* of Independence, for the appellee.

The opinion of the court was delivered by

MASON, J.: W. H. Imel, while attempting to get on a passenger coach of the Atchison, Topeka & Santa Fe Railway Company, slipped and fell, receiving injuries, on account of which he brought an action against the company. A demurrer to his evidence was sustained, and he appeals.

The plaintiff testified that he was about seventy years of age, weighed 230 pounds, and had been crippled and had used crutches since he was thirteen and a half years old; that his left hand was weaker than his right; that he walked with a crutch and cane; that as he was attempting to get on the car a brakeman gave him some assistance at first, but that no one was helping him when he fell.  He described the circumstances attending his injury in these words:

"I went and got my sticks on the stepping thing they have, stepping block I call it, and went to swing between them and I could not make it.  I got back and the man that was helping me took this ankle and set that foot [the left] on the step and I got a crutch up on the step on that side and I threw this stick [called by another witness a cane] up then, it was in this hand, up the platform in front of the door, and put this arm up like this [indicating], on the side of the car, to catch hold of the second upright rod, and went to pull myself up and I got my toe onto the step like and it slipped off and my hand slipped down, this hand, down the rod, and I tumbled down there in a pile and my shoulder was out of place."

Another witness testified that when the plaintiff started to get on the car the brakeman grabbed hold of his elbow or arm to start to assist him on the step, but that when he was on the step there was nobody helping him.  Another testified that while the plaintiff was on the steps the brakeman was standing three or four feet away with his back to the coach.  The plaintiff also testified:

"I was in the livery business for 25 years or 28 years at Elk City. I drove the bus; we had a bus where 'you climb up on top and drive it, didn't set down inside.  I got up there with my shoulders and arms and one leg.  I have chopped wood, cut the trees down, trimmed them, and loaded them on a wagon and hauled them home and chopped them up so they would go in the stove.  In the business I am now in I lift anything that comes around for me to lift.  If a sack of feed got knocked down, and I wanted to move it I could catch hold of it and swipe it around any place I wanted to; milk cans that hold about 80 pints and weigh about 100 pounds, if I wanted to move them I would take one of them by the handle and lift it and walk along like it was a cane."

Other witnesses testified to his being strong in the arms and shoulders, and to his having been accustomed to climb to the driver's seat on the bus without assistance.

1.  The plaintiff invokes the doctrine that a carrier is required to take notice of an obvious physical disability of one

whom it accepts as a passenger, and to act accordingly (4 R. C. L. 1160) ; that if he is crippled and his condition is apparent or is made known to the carrier, it is bound to render him necessary assistance in boarding its car (4 R. C. L. 1235) ; and that where it undertakes to assist him he has the right to rely on its careful performance of the undertaking and may hold it responsible for the consequences of a failure to use proper care in that regard (4 R. C. L. 1236). The decision of the trial court was doubtless due, not to any question of the soundness of these principles, but to the belief that the evidence did not tend to establish that the plaintiff's injury was the result of any negligence on the part of the defendant's employee. In the plaintiff's brief it is said that "his legs and feet, as shown by his appearance on the stand, are merely stumps and of apparently no use to him." But his own statement, and that of his witnesses, was that he was able to climb to the driver's seat of the bus. He testified that his toe slipped off the step and he fell. He did not say that his fall was caused be the failure of the brakeman to give him any assistance that he was expecting, nor did he point out any omission on the part of the employee that if supplied would have prevented the injury. It is argued that he had discarded his stick in reliance on the help of the brakeman, but he did not so testify. The laying aside of his cane seems to have been for the purpose of clasping the hand rail. If his foot had not slipped he would apparently have successfully boarded the car. There is nothing in the record to suggest that the brakeman could have anticipated this slipping, or to indicate how he could have prevented it or guarded against its consequences.

2. Complaint is made of the sustaining of an objection to a question asked of the plaintiff, calling for a statement of the general manner in which he had previously been helped to get on the train. No showing was made as to what his answer would have been and the ruling is therefore not subject to review. (Civ. Code, § 307.)

The judgment is affirmed.